DAN SIEGEL, SBN 56400
ANDREW CHAN KIM, SBN 315331
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
chankim@siegelyee.com

Attorneys for Plaintiff
JULIO NAVARRETE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIO NAVARRETE, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, and INDIVIDUALS, NAMES UNKNOWN, | Civil Rights |
| Defendants. | |

Plaintiff JULIO NAVARRETE alleges the following:

**INTRODUCTION**

1.    In late August 2018, Mr. Julio Navarrete, a prisoner in San Francisco County Jail, was boxing by himself in his cell for fitness and recreation when he inadvertently punched a jail bar and broke his left hand. Deputies and medical staff at the County Jail denied Mr. Navarrete access to adequate medical care for approximately two weeks and did not address his pain. When County Jail deputies finally brought Mr. Navarrete to the hospital, he was diagnosed with a closed displaced fracture of the base of his fifth metacarpal bone on his left hand and was scheduled for surgery four days

*Navarrete v. City and County of San Francisco*, Case No.
Complaint - 1

later. Mr. Navarrete was not taken for surgery on the day he was scheduled, and he was not returned to the hospital for over three months. By the time he was returned to the hospital, his broken hand had fused improperly, and surgery was not possible without re-breaking his hand. As a result of the jail staff member's deliberate indifference, Mr. Navarrete suffered a permanent deformity of his left hand and cannot close his hand completely. He further continues to suffer pain in his left hand.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivations, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 1343, 2201, and 2202, 29 U.S.C. § 794a, 42 U.S.C. §§ 1983 and 12117(a). Plaintiff, moreover, seeks remedies under 42 U.S.C. § 12131 and 29 U.S.C. § 701.

3. The state law claims in this action are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

4. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because the County of San Francisco defendants reside in this judicial district, and the events or omissions giving rise to plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff Julio Navarrete is a citizen of the United States and a competent adult.

6. Defendant City and County of San Francisco ("CCSF") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual unknown CCSF defendants.

7. Defendant employees of the City and County of San Francisco, whose names are unknown at this time.

8. Plaintiff alleges, on information and belief, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship.

## GENERAL ALLEGATIONS

9. Mr. Navarrete was booked into San Francisco County Jail 5 ("CJ5") on October 2, 2016. He is serving a sentence and is expected to be released by the end of the year. He has a high school diploma, and he is likely to do manual labor once he is released.

10. In late August 2018, Mr. Navarrete was recreationally boxing when he inadvertently punched the jail bar and broke his left hand. Mr. Navarrete was in great pain and complained about his injury to defendant's deputies and jail medical employees. Jail medical employees failed to conduct a proper examination and did not take him to the hospital or take radiographic images of his hand. Instead, jail medical employees wrapped his broken hand to a plastic splint with elastic bandages.

11. The pain in Mr. Navarrete's hand increased each day, and he complained about it daily to jail staff members. Defendant deputies and jail medical staff employees ignored his complaints and denied him medical care.

12. Finally, on September 11, 2018, deputies brought Mr. Navarrete to S.F. General Hospital where his treating physician diagnosed him with a closed displaced fracture of the base of his fifth metacarpal bone and recommended he undergo surgery to repair it. Mr. Navarrete consented to the surgery, which was then booked for September 15, 2018. Defendant's deputies in the jail in which Mr. Navarrete was housed were aware of Mr. Navarrete's scheduled surgery.

13. On September 15, 2018, defendant deputies failed to take Mr. Navarrete to S.F. General Hospital for his scheduled surgery. Mr. Navarrete asked the deputies why

he was not taken to his surgery and continued to complain that he was not being taken to his surgery.

14. For months following his missed surgery on September 15, Mr. Navarrete complained about the pain in his left hand increasing and complained about his missed appointment for surgery.

15. Over three months later, on December 18, 2018, deputies brought Mr. Navarrete back to S.F. General Hospital for the first time since his September 11 appointment. The treating physicians examined his broken hand and recommended Mr. Navarrete not undergo the originally planned surgery because in the three months since the last examination, the displaced fracture had improperly begun to fuse, and the surgery would require them to re-break his left hand. They determined the risks did not outweigh the benefits.

16. Mr. Navarrete's hand is permanently deformed because of the delay in medical treatment, and it is still painful. He cannot completely close his hand. Mr. Navarrete suffered unnecessary and permanent pain, as well as ongoing stress and anxiety, as a result of defendants' tortious, wrongful, and unconstitutional conduct.

**EXHAUSTION**

17. On January 6, 2019, Mr. Navarrete timely presented a claim to the City and County of San Francisco pursuant to California Government Code §§ 910, *et seq*. The claim was delivered to an incorrect address. On December 10, 2019, Mr. Navarrete presented an application to file a late claim to the City and County of San Francisco at the correct address, and he included his original, timely-filed claim.

18. On January 2, 2020, the City and County of San Francisco rejected Mr. Navarrete's claim. The City and County of San Francisco did not reject Mr. Navarrete's claim as untimely.

///
///

**FIRST CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED IN VIOLATION OF THE EIGHTH AMENDMENT**
(Plaintiff Julio Navarrete against Unknown Defendants.)
(42 U.S.C. § 1983)

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

20. By virtue of the foregoing, unknown defendants acted under color of law when they were deliberately indifferent to Mr. Navarrete's medical need and provided him with inadequate medical care.

21. CCSF employees to whom Mr. Navarrete complained to deliberately ignored his claims and failed to summon or arrange for medical intervention, and deliberately did not take him to his scheduled surgery.

22. In doing so, the unknown defendants deprived Mr. Navarrete of his right under the Eighth Amendment to the United States Constitution to be free from the cruel and unusual punishment and/or other constitutional violations.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE CALIFORNIA BANE ACT**
(Plaintiff Julio Navarrete against Unknown Defendants and City and County of San Francisco)
(California Civil Code § 52.1)

23. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

24. By virtue of the foregoing, the unknown defendants and City and County of San Francisco acted with deliberate indifference to Julio Navarrete's serious medical needs thereby interfering by threats, intimidation, or coercion with his rights secured by the Constitution of the United States, the Constitution of the State of California, and/or statutory law.

25. By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive Mr. Navarrete of his rights to be free from constitutionally and statutorily inadequate medical care and medical battery.

///

**THIRD CLAIM FOR RELIEF**
**FAILURE TO SUMMON MEDICAL CARE**
(Plaintiff Julio Navarrete against Defendant City and County of San Francisco)
(California Government Code § 845.6)

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

27. By virtue of the foregoing, employees of defendant City and County of San Francisco failed in their obligation to summon medical care when plaintiff Julio Navarrete began suffering from the known and dangerous lack of treatment to his broken left hand. His medical need was serious and obvious, and CCSF employees failed to take reasonable action to summon such medical care.

28. By virtue of the foregoing, defendant City and County of San Francisco is liable for its employees' failures to summon needed medical care.

**DAMAGES**

29. As a direct and proximate result of each defendants' acts and/or omissions as set forth above, Mr. Navarrete sustained, and is currently sustaining, the following injuries and damages, past and future, including, but not limited to:

    a. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty; and

    b. Loss of enjoyment of life and other pain and suffering.

**PUNITIVE DAMAGES**

In taking the actions described above, the unknown defendants acted wrongfully, oppressively, maliciously, and with the express purpose to harm Mr. Navarrete, or in reckless disregard of the likelihood that her actions would harm Mr. Navarrete, and for these reasons plaintiff is entitled to recover punitive damages against them in this action.

///
///

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following relief against each and every defendant herein, jointly and severally:

a. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

b. General damages;

c. Special damages;

d. Punitive damages under 42 U.S.C. § 1983 and state law in an amount according to proof and which is fair, just, and reasonable against unknown defendants;

e. For attorney's fees and costs of suit under 42 U.S.C. § 1988;

f. For attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

g. All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

h. For declaratory and injunctive relief against CCSF; and

i. For such other and further relief as the Court deems just and proper.

///
///

**JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 31, 2020

                                      SIEGEL, YEE, BRUNNER & MEHTA

                                      By: /s/ Andrew Chan Kim
                                              Andrew Chan Kim

                                      Attorneys for Plaintiff
                                      JULIO NAVARRETE

*Navarrete v. City and County of San Francisco*, Case No.
Complaint - 8